## VITO COVELLI *v.* COMMISSIONER OF REVENUE SERVICES
### (15198)

Callahan, C. J., and Borden, Berdon, Norcott, Katz, Palmer and Peters, Js.

Officially released November 12, 1996

---

[1] The defendant filed a brief which rendered us no assistance and did not discuss the issues at oral argument.

*Aaron S. Bayer*, deputy attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Gregory T. D'Auria* and *Anne O'Leary*, assistant attorneys general, for the appellant (defendant).

*Frank W. Louis*, for the appellee (plaintiff).

*Susan C. Marks*, supervisory assistant state's attorney, filed a brief for the state division of criminal justice as amicus curiae.

PER CURIAM. This matter is before us on remand from the United States Supreme Court. We previously considered it in *Covelli* v. *Commissioner of Revenue Services*, 235 Conn. 539, 668 A.2d 699 (1995). On the plaintiff's petition for a writ of certiorari, the United States Supreme Court vacated our previous judgment; *Covelli* v. *Crystal*, U.S. , 116 S. Ct. 2577, 135 L. Ed. 2d 1092 (1996); and ordered us to reconsider it in light of *United States* v. *Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996). Having reconsidered, we affirm our prior judgment.

The judgment of the trial court is reversed and the case is remanded to that court for further proceedings consistent with our opinion in *Covelli* v. *Commissioner of Revenue Services*, supra, 235 Conn. 539.

In this opinion CALLAHAN, C. J., and BORDEN, NORCOTT, PALMER and PETERS, Js., concurred.

KATZ, J., with whom, BERDON, J., joins, dissenting. The United States Supreme Court, in *Covelli* v. *Crystal*,

U.S.    , 116 S. Ct. 2577, 135 L. Ed. 2d 1092 (1996), vacated the judgment of this court in *Covelli* v. *Commissioner of Revenue Services*, 235 Conn. 539, 668 A.2d 699 (1995), and remanded the case for our reconsideration. I disagree with the majority that our prior judgment should be affirmed, and I take this opportunity to restate my opinion that the double jeopardy clause of the fifth amendment to the United States constitution was violated when the plaintiff, following his judgment of conviction for possession of illicit drugs, was assessed a tax pursuant to Connecticut's Marijuana and Controlled Substances Tax Act, General Statutes §§ 12-650 through 12-660.