[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The simple issue in this long, tortuous case is whether the plaintiff, Vito Covelli, was in possession of a quantity of cocaine and therefore liable for the Marijuana and Controlled Substance Tax, General Statutes § 12-650, et seq. ("drug tax"), which is imposed upon persons who are unlawfully in possession of marijuana or other controlled substances.
The plaintiff originally brought this appeal on January 19, 1994, challenging the assessment of the drug tax imposed upon him. The plaintiff claimed that the imposition of the drug tax after his prosecution for criminal possession of the same drugs was double jeopardy pursuant to the double jeopardy clause of thefifth amendment to the United States constitution. Judge Blue, inCovelli v. Commissioner of Revenue Services, Superior Court, Tax Session, Docket No. 534178 (December 21, 1994), held that the CT Page 641 imposition of the drug tax was double jeopardy, and sustained the plaintiff's appeal.
Judge Blue's decision was reversed by our Supreme Court inCovelli v. Commissioner of Revenue Services, 235 Conn. 539,668 A.2d 699 (1995). This case was appealed to the United States Supreme Court, which remanded the case to the Connecticut Supreme Court for further consideration in Covelli v. Crystal,518 U.S. 1031, 116 S.Ct. 2577, 135 L.Ed.2d 1092 (1996). Our Supreme Court affirmed its prior decision and remanded this case back to the Superior Court for further proceedings. Covelli v. Commissionerof Revenue Services, 239 Conn. 257, 683 A.2d 737 (1996) (per curiam).
On November 5, 1992, the Connecticut State Police obtained a warrant to search the premises of the plaintiff's business, the Route 8 Cycle Shop, located at 238 Colebrook Road, Colebrook. A second warrant was obtained to search a black Ford F-250 pickup truck parked on the premises. The reason that the State Police obtained a separate search warrant for the Ford truck was the discovery by the State Police when they went to the plaintiff's premises under the first warrant that the truck had an altered identification number. The Ford truck was also unregistered. The Ford truck appeared to the State Police to be a stolen vehicle.
The first search warrant was held to be invalid in the criminal proceedings. The second search warrant of the truck was held to be valid. Pursuant to the second warrant, the State Police searched the Ford truck and found one kilo of cocaine under the front seat. The plaintiff was arrested by the State Police on November 5, 1992 for possession with intent to sell, in violation of General Statutes § 21a-277a.
On November 5, 1992, the State Police submitted a Drug Tax Referral Form to the Department of Revenue Services, identifying the total amount and type of drugs found and indicating that drug stamps, which are required to be purchased pursuant to General Statutes § 12-651 (a), were not present and affixed to the drugs found in the truck. The Drug Tax Referral Form stated that the plaintiff possessed 1250 grams of cocaine. On the basis of this information, the Commissioner assessed an initial tax deficiency against the plaintiff. On December 21, 1993, the Commissioner made a final determination that the plaintiff owed a total of $552,802.04 in tax, penalty and interest. CT Page 642
On February 15, 1994, the plaintiff entered a plea of nolo contendere to the criminal charge of possession of a controlled substance with the intent to sell under General Statutes §21a-277 (a), upon which the court found him guilty. On April 8, 1994, the plaintiff was sentenced for the criminal violation.
On November 5, 1992, the plaintiff was the owner and sole proprietor of his business on Route 8 in CoLebrook. The plaintiff held a dealer's license to sell used cars and to repair vehicles including motorcycles. The plaintiff also sold motorcycle parts. The plaintiff had a one bay garage on this lot that he used for repairing vehicles. Used vehicles for sale were kept on the lot as well as vehicles being repaired. The plaintiff maintained a keyboard hanging on the wall of the garage on which keys to vehicles in his possession were kept. At the time of his arrest, the key to the truck was not on the keyboard, but in the plaintiff's pocket.
At the hearing in this case, the plaintiff testified that he was not the owner of the Ford truck. He named another individual as the owner of the Ford truck. The plaintiff stated that he had driven the Ford truck at least once and had used his dealer license plate on the vehicle. The plaintiff claims that the Ford truck was involved in an accident and had a damaged passenger door, which he replaced. The plaintiff claims to have no idea how the cocaine got into the Ford truck other that to say that it belonged to the owner of the truck. The plaintiff presented no other witnesses, nor did he produce a title or any other documentation to corroborate his testimony regarding the ownership of the vehicle.
We find the plaintiff's account of the Ford truck and how the cocaine got into the truck to lack credibility. The plaintiff had possession of an unregistered vehicle that had its identification number altered. The plaintiff worked on the Ford truck to replace the passenger door exactly at the spot where the one kilo of cocaine was located. As an unregistered and unlicenced vehicle, no one could drive the truck on the highways without the plaintiff first permitting that person to use his dealer plates. When the State Police executed the search warrant for the Ford truck, the plaintiff had the key to the truck in his pocket. The State Police had suspected that the Ford truck was a stolen vehicle. During the course of the search of the truck and the discovery of the cocaine, the plaintiff admitted initially to the State Police that the drugs on his premises were his. CT Page 643
Under these circumstances, we conclude that the plaintiff had dominion and control over the truck and its contents. We base this conclusion on the presence of the Ford truck on the plaintiff's premises, which was a sole proprietorship, the presence of the key to the truck in the plaintiff's pocket, and the plaintiff's control of the use of the truck for transportation as well as for repairs. See State v. Frazier,39 Conn. App. 369, 378, 665 A.2d 142 (1995); State v. Delossantos,211 Conn. 258, 277-78, 559 A.2d 164, cert. denied, 493 U.S. 866,110 S.Ct. 188, 107 L.Ed.2d 142 (1989).
Given our findings that the plaintiff was in possession and control of the Ford truck on November 5, 1992, and therefore in possession and control of the one kilo of cocaine located in the truck, we must next consider whether the plaintiff comes within the reaches of General Statutes 12-651. General Statutes §12-651 (a) provides that "[a] tax is imposed on any marijuana or controlled substances purchased, acquired, transported or imported into the state." The plaintiff contends that the Commissioner must prove that he was a dealer in order to be liable for the drug tax. The reason for this position is founded on General Statutes § 12-651 (c), which states that "[a]ny tax imposed pursuant to this section is due and payable immediately upon acquisition or possession in this state by a dealer." General Statutes § 12-650 (3) defines "dealer" as "any person who, in violation of any provision of the general statutes, manufactures, produces, ships, transports, or imports into the state or in any manner acquires or possesses more than forty-two and one-half grams of marijuana or seven or more grams of any controlled substance on ten or more dosage units of any controlled substance which is not sold by weight." To qualify as a dealer under the definition in § 12-651 (c), a person does not have to be a dealer in the commercial sense, but rather a person who is in violation of the laws of this state and possesses seven or more grams of any controlled substance. General Statutes §12-650 (3). Our statutes are very specific that the drug tax does not apply to people who are legally in possession of marijuana or controlled substances; General Statutes § 12-658; but rather people who are in possession of drugs illegally. General Statutes § 12-650 (3). Based upon our conclusion that the plaintiff possessed the 1250 grams of cocaine found in the Ford truck, and from our analysis of the drug tax statutes, the plaintiff was a dealer in possession of more than seven grams of a controlled substance. The plaintiff is, therefore, liable for the tax, CT Page 644 penalty and interest imposed under General Statutes § 12-651, et seq.
Accordingly, we find for the defendant Commissioner. The plaintiff's appeal is dismissed without costs to either party.
Arnold W. Aronson Judge Trial Referee